Nancy NORRIS, on behalf of herself and all holders of notes of Colonial Commercial Corporation, Plaintiffs,

v.

COLONIAL COMMERCIAL CORPORATION, et al., Defendants.

Civ. No. C–1–76–298.

United States District Court, S. D. Ohio, W. D.

June 15, 1977.

Douglas G. Cole, James R. Cummins, Robt. S. Brown, Cincinnati, Ohio, Conrad A. Curren, Greenfield, Ohio, William A. Carroll, Columbus, Ohio, for plaintiffs.

Jacob K. Stein, Jas. W. Farrell, Jr., Thomas L. Conlan, Gary P. Kreider, Cincinnati, Ohio, for defendants.

## ORDER

CARL B. RUBIN, District Judge.

This matter is before the Court upon plaintiff's application to solicit expenses from the class and defendant's motion for decertification of this action as a class action. Counsel have agreed to submit this matter on briefs and such briefs have been received.

■ The essence of defendant's motion is that plaintiff's alleged inability to finance this litigation without contributions from other class members renders her unable to "fairly and adequately protect the interests of the class". Plaintiff asserts, however, that while contributions are desired, she will personally finance the suit if necessary.

In the absence of controlling precedents in this Circuit, the Court elects to follow the view of the United States Court of Appeals for the Third Circuit in *Rodgers v. United States Steel Corp.*, 508 F.2d 152 (3 Cir. 1975).

The reasoning of Judge Gibbons is persuasive, particularly in the following observation at page 163:

Whatever may be the limits of a court's powers in this respect [First Amendment Rights] it seems clear that they diminish in strength as the expressions and associations sought to be controlled move from the courtroom to the outside world.

The Court is aware of the dearth of authority on the question of post-certification contribution solicitation, but if a balance is to be struck, it would seem better policy to permit rather than deny fund solicitation from members of the class. The alternative to allowing such communication may be to preclude meritorious suits by investors or other plaintiffs solely on account of their individual financial limitations. As the United States Court of Appeals for the Seventh Circuit stated in *Hohmann v. Packard Instrument Co.*, 399 F.2d 711, 715 (7th Cir. 1968):

To permit the defendants to contest liability with each claimant in a single, separate suit, would, in many cases give defendants an advantage which would be almost equivalent to closing the door of justice to all small claimants. This is what we think the class suit practice was to prevent. Citing *Weeks v. Bareco Oil Co.*, 125 F.2d 84, 88 (7th Cir. 1941).

■ This does not abrogate Local Rule 3.9.4, nor does it grant carte blanche to plaintiff. We determine here only that plaintiff may communicate with members of the certified class in accordance with the following limitations:

1. Plaintiff may direct communication only to those members of the certified class who have not exercised a right of exclusion in accordance with this Court's Order of April 27, 1977.

2. The specific communication must be approved in advance by this Court.

3. All funds collected must be deposited in a bank approved by this Court which maintains its main offices in the Southern District of Ohio, conditioned as follows:

   a. funds may be withdrawn only for payment of litigation expenses other than attorney fees;

   b. funds may be withdrawn only with Court approval;

   c. an accounting of all receipts and disbursements shall be made to members of the class at the conclusion of this litigation.

4. The communication must clearly advise that members of the class are not obligated to contribute, and that rights of recovery will be the same for contributors and noncontributors.

Accordingly, plaintiff's application should be, and is hereby GRANTED. Defendant's motion should be, and is hereby DENIED. Plaintiff is directed to present a letter of solicitation to the Court for approval not later than ten days after the date of this Order.

IT IS SO ORDERED.